UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

UNITED STATES OF AMERICA,      )
ex rel. [UNDER SEAL]           )
                               )      Civil Action No. 3:11-CV-185
                Plaintiff,     )      JORDAN/SHIRLEY
                               )
v.                             )
[UNDER SEAL],                  )
                               )
                Defendant.     )
                               )

## FILED *EX PARTE* AND UNDER SEAL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ex rel. WILLIAM C. HYSER ) | |
| ) | |
| Plaintiffs/Relator ) | |
| ) | Civil Action 3:11-CV-185 |
| ) | JORDAN/SHIRLEY |
| v. ) | |
| ) | |
| EOD TECHNOLOGY, INC., AND ) | **FILED UNDER SEAL** |
| DOES 1 THROUGH 75, INCLUSIVE ) | |
| ) | |
| Defendants. ) | |
| ) | |

## UNITED STATES' *EX PARTE* STATUS REPORT

The United States submits this *ex parte* status report in support of its application for extension of time to notify the Court of a decision regarding intervention [Doc. 27].

The United States Attorney's Office for the Eastern District of Tennessee, together with personnel from various federal agencies, continues to conduct a comprehensive investigation into the allegations raised in the *qui tam* Complaint. Adding to the complexity of the investigation Sterling Operations, Inc. ("Sterling"), formerly known as EOD Technology ("EODT"), has been the subject of an extensive, parallel criminal investigation and a previously filed *qui tam* action ("*EODT I*") that is also pending in this Court,[1] upon which this investigation could have some impact. For purposes of efficiency, and to avoid conflict or duplication of efforts, the investigation of relator's allegations in this case and the broader, preexisting investigations of Sterling have been coordinated and have been proceeding in tandem.

---

[1] *See U.S.* ex rel. *[Under Seal] v. EOD Technology, Inc., et al.*, No. 3:10-CV-204, E.D. Tenn.

At this time, the investigation into the *qui tam* allegations remains ongoing. Since obtaining its last seal extension the United States has, among other things, negotiated with counsel for defendant regarding the criteria and parameters to be used in an attempt to narrow the scope of a large universe of emails that Sterling contends are potentially privileged and, therefore, subject to manual privilege review before the emails could be made available to the investigative team for substantive review. That process resulted in the release of a very large number of emails to the investigative team for substantive analysis, while a smaller, but still significant subset of emails has required additional screening. Accordingly, the government is continuing to evaluate materials and information obtained from a number of sources. Moreover, the government has recently obtained an Order [Doc. 26] partially lifting the seal in this action, permitting the government to disclose the *qui tam* Complaint to defendant. Counsel for the government has forwarded a redacted copy of the Complaint to counsel for defendant and invited defendant to provide any information it deems responsive to the allegations and that it wishes the government to consider before the government determines whether to intervene in the suit. Given the current status, it is anticipated that the United States will need at least an additional 6 months to engage in communications with counsel for defendant regarding the allegations and defendant's responses, and to request and consider any additional information that may be needed prior to making a recommendation and obtaining the necessary approvals before making a decision regarding intervention.

Given these circumstances, the United States respectfully requests that the Court grant its Application for Extension of Time to notify the Court of its decision regarding intervention [Doc. 27]. To the extent that the Court may wish to consider any further information regarding the status and progress of the investigation, the United States respectfully requests that the Court

2

permit the government to present such information through *ex parte* submissions at an *in camera*

hearing.

Respectfully submitted,
WILLIAM C. KILLIAN
United States Attorney

By: _____

Robert C. McConkey, III, BPR # 018118
Elizabeth S. Tonkin, BPR # 010305
Assistant U.S. Attorneys
Office of United States Attorney
800 Market St., Suite 211
Knoxville, TN 37902
(865) 545-4167
Robert.McConkey@usdoj.gov
Betsy.Tonkin@usdoj.gov

## CERTIFICATE REGARDING SERVICE

I hereby certify that this *Ex Parte* Status Report is being filed under seal and has not been served on any other party to this action.

_____

Robert C. McConkey, III
Assistant U.S. Attorney

3